KRAUSE, Appellant, vs. KRAUSE, Respondent.

*April 11—May 9, 1922.*

*Divorce from bed and board: Request of one party to resume marital relations: Absolute divorce.*

Under sub. (7), sec. 2356, Stats. (authorizing a divorce when a husband and wife have been voluntarily living apart for five years or more, though under a decree of divorce from bed and board, without request by either party in good faith for a reconciliation *and* a revocation of the judgment), where a husband and wife were divorced from bed and board, her requests for a resumption of marital relations prevented the granting of an absolute divorce, where they were sincere and so understood by her husband, although they did not formally ask that the divorce judgment be set aside.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Sturdevant & Farr* of Eau Claire, and oral argument by *L. M. Sturdevant.*

*W. H. Frawley* of Eau Claire, for the respondent.

OWEN, J. Plaintiff and defendant were married March 5, 1911. They lived together until January 17, 1912. A divorce from bed and board for a period of six months was granted defendant April 17, 1913. The judgment was subsequently modified so as to constitute a judgment of divorce from bed and board forever. This action was begun November 22, 1920. Plaintiff prays for a judgment for absolute divorce. The grounds alleged therefor are that the parties have voluntarily lived entirely separate and

apart for a period of five years next preceding the commencement of the action. The evidence shows that when the parties were married, and thereafter until the divorce from bed and board was granted, the parties lived at Fall Creek, Eau Claire county, Wisconsin. In 1915 the plaintiff removed to Polk county, where he with his sister lived on and managed a farm owned by his father.

Both before and after his removal to Polk county the defendant frequently wrote to the plaintiff asking for a reconciliation and a resumption of marital relations. On or about November 10, 1915, she called on the plaintiff at the farm in Polk county for the purpose of urging a reconciliation, but the plaintiff refused to talk with her. About the same time she wrote him a letter, which was forwarded by registered mail, to which no reply was made. She testified that it was her custom to write him at Christmas time and on his birthday every year. In these letters she beseeched a resumption of their marital relations. On December 23, 1918, she sent him a Christmas package by registered mail. This package was refused by him. It contained a letter, which was introduced in evidence, in which she appealed to him for reconciliation. This is the only letter addressed by her to him which was received in evidence, and her testimony was to the effect that all of her letters were of similar import.

The court found that the allegation that "during the five years prior to the commencement of this action the parties voluntarily lived entirely separate from each other is not proven and is not true; that during said time the parties did live entirely separate from each other, but such separation, so far as the defendant is concerned, was not voluntary on her part; that during said time she attempted to talk with the plaintiff for the purpose of effecting a reconciliation, and frequently wrote him letters asking and urging him to become reconciled, and while said letters did not, in express words, ask for a revocation of the decree of divorce from bed and board, they did ask for a reconciliation and that the

parties again live together, which, in substance, contemplated and was understood to mean that it was a request for such legal proceedings as might be necessary to enable them to live together lawfully."

Sub. (7), sec. 2356, Stats., authorizes an absolute divorce whenever the "husband and wife shall have voluntarily lived entirely separate for the space of five years next preceding the commencement of the action." "And such living apart for five years or more, pursuant to a decree of divorce from bed and board, without request during that period by either party to the other in good faith for a reconciliation and revocation of said judgment, shall not be any bar to an absolute divorce upon this ground at the suit of either party." Appellant contends that the efforts on the part of respondent to bring about a reconciliation were not sufficient to prevent their status during the five-year period being that of living voluntarily separate and apart, for the reason that her requests for a reconciliation were not coupled with a formal request for a revocation of the judgment of divorce from bed and board, as required by the statute. The contention is not tenable. Her evidence reveals a consummate desire on her part for a restoration of marital relations and persistent and continuous efforts to bring about a reconciliation. Her appeals in this behalf necessarily implied a request for a modification of the judgment. It was not necessary for her to serve a formal demand or request following the technical language of the statute, of which she probably had no knowledge. Her general conduct evinced a sincere desire to resume full marital relations, to accomplish which a modification of the judgment was necessary. This attitude on her part was fully understood by the plaintiff, who repulsed every advance made by her for a reconciliation. The living apart was not voluntary on her part, and plaintiff was properly denied a divorce.

*By the Court.*—Judgment affirmed.